**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────

JULIUS PHILLIPS,

                            Plaintiff,

         v.

SCHENECTADY CHILD SUPPORT UNITE,
et al.,

                      Defendants.

No. 1:24-CV-853
(BKS/PJE)

─────────────────────────────

**APPEARANCES:**

Julius Phillips
800 State Street, Apt. 105
Schenectady, New York 12307
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

### I. **In Forma Pauperis**

       Plaintiff pro se Julius Phillips ("plaintiff") commenced this action on July 5, 2024, by filing a complaint. *See* Dkt. No. 1. In lieu of paying this Court's filing fee, he submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially

─────────────────────────────

[1] This matter was referred to the undersigned for Report-Recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

qualifies to proceed IFP.[2]  Pursuant to this review, this Court must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. § 1915.[3]

## II.  **Initial Review**

### A.  **Legal Standard**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party

---

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[3] These requirements apply equally to non-prisoner pro se litigants.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

> from compliance with relevant rules of procedural and substantive law . . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted*); see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure.[4]" *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[5]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other

---

[4]  Hereinafter, "Fed. R. Civ. P."
[5] All unpublished decisions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.  The Court does not, however, provide a copy of plaintiff's 2022 decision before this Court as he would have been provided copies as part of that litigation.  *See* 9 n.10, *infra.*

things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . and (3) a demand for the relief sought . . . ." FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own

initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

## B. **Plaintiff's Complaint**[6]

On a civil complaint form, plaintiff checks the boxes that indicate that this Court has subject matter jurisdiction pursuant to federal question and diversity of citizenship jurisdiction. *See* Dkt. No. 1 at 3. Plaintiff states that his Fourth, Fifth, Seventh, and Fourteenth Amendment rights have been violated because "[c]hild support say they take $83 weekly but they don't they take $124.50 weekly and it is still be [sic] deducted from my check. Child support also said I'm paying for two kids when I only had one child with the defendant." *Id.* at 4. Plaintiff alleges that the "fraud agency called child support . . . is frauding me stealing from me and . . . violated my civil rights my constitutional rights and my New York State rights." Dkt. No. 1-1 at 1. "[T]hey had no case no contract or bond with my signature no consent form with my signature no injured party and they still persist on stealing my hard earned money." *Id.* "I never [p]ut my signature on anything but the agreement for the video conference that's all if they say my signature is on anything else it is fraudulent I never signed anything or never gave the consent for anything. . . ." *Id.* at 2. "I never volunteered or gave consent to join the child support program and I know that I cant be forced into no contractual contract thats what it looks

---

[6] Plaintiff submitted various documents as exhibits or attachments to his complaint. *See* Dkt. Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14. These exhibits have also been reviewed in connection with the initial review of plaintiff's complaint. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

like Child Support is doing to me."  Dkt. No. 1-2 at 1.  "They say I owe over $6000 dollars

so that's over $20 to where the magistrate called for a trial and never had the jury I asked

for. . . ."  Dkt. No. 1-1 at 6.  "I am being sued for a debt that is not mines [sic]."  Dkt. No.

1-2 at 1.  Plaintiff claims that he requested "department record[s] related to the debt" but

"never got it."  Dkt. No. 1-1 at 1.

Plaintiff contends that "child support agreements are equivalent to interstate

contracts" and violate the Federal Consumer Credit Protection Act because they act as

an "excessive wage garnishment."  Dkt. No. 1-1 at 2-3 (citing 15 U.S.C. § 1167(a)).  He

states that he is a "victim of forced labor" and "feel[s] that way is because" if he "can't

work or give them payment they (child support) will suspend my [driver's] license which

is not legal they (child support) can't do that they would throw me in jail for how ever long

. . . ." *Id.* at 6-7.

Plaintiff summarized his complaint by stating:

> I ask for this case #66054k1 to please be appealed and dropped under all
> this wrong doing they doing.  And I really want to know how or what the
> magistrate ruling was in the fact-finding hearing if I neglected my son for 12
> months no contact and no plan for the future of my son or did I abandoned
> [sic] my son for 6 months I don't see how he would come up with this ruling
> when the Court appointed lawyer told for m[e] so [sic] told the Court and the
> magistrate that I was in his life and we talk.

Dkt. No. 1-1 at 8.  "I would like to . . . start a § 1983 law suit [sic] and a fraud lawsuit under

. . . for fraudulent filings of information returns [sic] against all involved in the list I wrote

down."   *Id.*   Plaintiff requests the Court to award damages of $5,000,000.00, and

alternatively, $10,000,000.00 for "the violation [of his] right [sic] the stress the blood and

tears [of his child's mother] hold [his] child [sic] not letting [plaintiff] see him . . . and the

money back that's been stolen from [him]."  Dkt. No. 1 at 4-5; Dkt. No. 1-1 at 8.

### C. **Analysis**

Liberally construing plaintiff's complaint, he seeks to bring claims under 42 U.S.C. § 1983[7] against the Schenectady County Child Support Unit; the Division of Child Support Enforcement Newport News District Office; the Schenectady County Family Court; Bruce J. Wagner, Support Magistrate; Dylan Reilly, Deputy County Attorney; and Rebecca Bauscher, child attorney.[8][9]  *See generally* Dkt. No. 1; Dkt. No. 1-1 at 1, 8-9; Dkt. No. 1-3, *see also Triestman*, 470 F.3d at 475. ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### 1. ***Rooker-Feldman* Doctrine**

"Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment." *Gerken v. Gordon*, No. 1:24-CV-00435 (MAD/CFH), 2024 WL 4608307, at *4 (N.D.N.Y.

---

[7] Plaintiff also cites, without explanation or support, to other laws and statutes within his complaint, including Fed. R. Civ. Pro. 4, 60(b)(4), 73, and 5(b)(2)(c); 22 NYCRR § 205.32; 42 U.S.C. §§ 1301(A) 37, (A)(1) and 659(a); 18 U.S.C. §§ 1589, 1001; 26 U.S.C. § 7434; U.S. Const. art. VI, cl. 2; however, it is unclear plaintiff's reasoning for citing them or how such laws support a claim for relief.  *See* Dkt. No. 1-1 at 3, 5, 7-9; Dkt. No. 1-2 at 1; Dkt. No. 3 at 1, 5; Dkt. No. 4 at 3-4; Dkt. No. 5 at 1; Dkt. No. 7 at 1-2; Dkt. No. 8 at 1-2. Thus, he fails to set for any viable claims on these grounds.

[8] Plaintiff's complaint identifies these entities as "Schenectady Child Support Unite [sic]" and "Div. of Child Support Enforement [sic] New Port [sic] News District Office." Dkt. No. 1 at 2.

[9] Rule 10(a) of the Federal Rules of Civil Procedure provides that "the title of the complaint must name all the parties." FED. R. CIV. P. 10(a).  Thus, by not including these defendants in the caption but expressing in his attachments to his complaint that he wishes to proceed against these individuals, plaintiff is in violation of Rule 10(a).  Affording plaintiff due solicitude, it is clear he seeks to proceed against the Schenectady County Family Court; Bruce J. Wagner, Support Magistrate; Dylan Reilley, Deputy County Attorney; and Rebecca Bauscher, child attorney, based on the list of "[p]eople [plaintiff] want to sue in law suit [sic]," Dkt. No. 1-1 at 9, and the names highlighted and starred in the exhibits attached to his complaint.  *See* Dkt. No. 1-3. Thus, on balance, the undersigned will review such claims.

Oct. 29, 2024), *report and recommendation adopted*, No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) (quoting *Porter v. Nasci*, No. 5:24-CV-0033 (GTS/TWD), 2024 WL 1142144, at *4 (N.D.N.Y. Mar. 15, 2024) (citations omitted), *report and recommendation adopted*, 2024 WL 3158645 (N.D.N.Y. June 25, 2024)); *see Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases.") (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  "This includes when a litigant seeks relief that invites a federal district court to reject or overturn a final decision of a New York Family Court as to a child support dispute brought in that state court." *Gerken*, 2024 WL 4608307, at *4 (quoting *Sims v. Kaufman*, No. 23-CV-7927 (LTS), 2024 WL 757338, at *4 (S.D.N.Y. Feb. 14, 2024) (citing *Legister v. Radowitz*, No. 1:20-CV-9330 (LLS), 2020 WL 7405672, at *3 (S.D.N.Y. Dec. 16, 2020) ("A plaintiff's challenge in a federal district court to the validity or enforcement of [a] child support order itself is barred by the *Rooker-Feldman* doctrine.")).

The *Rooker-Feldman* doctrine applies if: "(1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff requests the district court to review and reject the state court judgment; and (4) the state court judgment was rendered before the proceedings commenced in the district court."  *Gerken*, 2024 WL 4608307, at *4 (quoting *DeMeo v. Kean*, 754 F. Supp. 2d 435, 448 (N.D.N.Y. 2010) (citing *V.S. v. Muhammad*, 595 F.3d 426, 430 (2d Cir. 2010)); *see also Fernandez v. Turetsky*, No. 12-CV-4092 (SLT/MDG), 2014 WL 5823116, at *4 (E.D.N.Y. Nov. 7, 2014)

(collecting cases and noting that "[c]ourts have repeatedly invoked the [*Rooker-Feldman*] doctrine in cases . . . in which plaintiffs challenge family court decrees setting child support arrears"), *aff'd*, 645 F. App'x 103 (2d Cir. 2016) (summary order).

Here, although many of plaintiff's assertions are unclear, liberally read, plaintiff's complaint asks the Court to review and reverse a child custody and child support order, invalidate a judgment for child support arrears, reimburse monies that were garnished against his wages, and order the Schenectady County Family Court to provide him with information and documentation that he previously requested. *See generally* Dkt. No. 1, Dkt. No. 1-1, Dkt. No. 1-2. Plaintiff appears to have "lost in state court," complains of injuries caused by a state court judgment, and asks the Court to invalidate a state court's order regarding child support payments and a state court's judgment for child support arrears that were entered before the commencement of this proceeding. *See generally* Dkt. No. 1-1, Dkt. No. 1-2, Dkt. No. 1-12. "Under the *Rooker-Feldman* doctrine, this Court may not do so." *Gerken*, 2024 WL 4608307, at *4 (quoting *Fernandez*, 2014 WL 5823116, at *4); *see, e.g., Phillips v. Wagner*, No. 1:22-CV-0833 (DNH/ML), 2022 WL 17406092, at *3 (N.D.N.Y. Nov. 4, 2022)[10](recommending dismissal for lack of subject matter

---

[10] Plaintiff commenced an essentially identical action against defendants Wagner, Reilly, and Bauscher on August 10, 2022. *See Phillips v. Wagner, et al.*, 1:22-CV-833 (DNH/ML), *report and recommendation adopted*, 2022 WL 17403441 (N.D.N.Y. Dec. 2, 2022), *appeal dismissed*, No. 23-68, 2023 WL 4445323 (2d Cir. Apr. 25, 2023) (In this action, plaintiff inverted Reilly Dylan's first and last names and spelled Dylan differently, but contextually, it is clear it is the same person). Following initial review, that case was dismissed without prejudice but without opportunity to amend due to lack of subject matter jurisdiction, and judgment was entered in favor of defendants. *See Phillips v. Wagner, et al.*, 1:22-CV-833 (DNH/ML) at Dkt. No. 9. A plaintiff cannot commence a new action seeking to review the same issues that this Court already decided against him. Thus, collateral estoppel *may* be another alternative basis upon which this Court may dismiss this complaint. *See Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) ("[C]ollateral estoppel applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits.") (internal quotation marks and citations omitted)); *See, e.g., Rosenberg v. Shemiran Co., LLC*, No. 20-CV2259 (LLS), 2020 WL 1953627, at *3 (S.D.N.Y. Apr. 22, 2020) ("Generally, "dismissals for lack of subject matter jurisdiction are not on the merits and are not accorded

jurisdiction because "[the p]laintiff's claims, while not entirely clear, seem to challenge an order by the Family Court, issued before [the p]laintiff filed this action, in which the Family Court determined that he owes child support . . . .  Thus, [the p]laintiff's claims for relief are barred by the *Rooker-Feldman* doctrine . . ."), *report and recommendation adopted*, 2022 WL 17403441 (N.D.N.Y. Dec. 2, 2022), *appeal dismissed*, No. 23-68, 2023 WL 4445323 (2d Cir. Apr. 25, 2023); *Walker v. O'Connor*, No. 1:22-CV-581 (DNH/TWD), 2022 WL 2341420, at *6 (N.D.N.Y. June 29, 2022), *report and recommendation adopted*, 2022 WL 2805462 (N.D.N.Y. July 18, 2022) (recommending dismissal of the plaintiff's complaint where it "appears [the p]laintiff 'lost' in New York State Family Court, complains of injuries

---

[preclusive] effect." *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) (citation omitted); *see St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) (same). But the doctrine of issue preclusion bars relitigation of the specific issues that the prior court decided in reaching its jurisdictional determination. *See Stengel v. Black,* 486 F. App'x 181, 183 (2d Cir. 2012) ("Although a dismissal for lack of jurisdiction is not an adjudication of the merits of a claim, such a dismissal precludes re-litigation of the issue it decided.") (internal citation omitted); *St. Pierre*, 208 F.3d at 401 (prior dismissal for lack of standing – a jurisdictional issue – did not bar subsequent claim but did bar relitigation of specific finding that plaintiff was not loss payee on insurance policy). Because jurisdictional determinations have preclusive effect, "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not ... reopen that question in a collateral attack upon an adverse judgment." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982). A prior dismissal based on lack of subject matter jurisdiction precludes the same action based on the same facts unless the "jurisdictional defect has been cured or loses its controlling force." *In re Motors Liquidation Co.*, ECF 1:16-CV-6927, 17, 2017 WL 3491970, at *7 (S.D.N.Y. Aug. 14, 2017) (quoting *Park Lake Res. Ltd. Liab. Co. v. USDA*, 378 F.3d 1132, 1137 (10th Cir. 2004) (internal quotation marks omitted)).").  However, in connection with the current action, plaintiff has provided this Court with only portions of orders and filings relating to his child support obligations.  He submits the signature page from what appears to be an order related to the collection of child support dated May 22, 2024; an order dated July 14, 2022; page three of what appears to be plaintiff's motion to dismiss in family Court relating to his failure to file proof of service on the petitioner in the family court action and the Support Collection Unit; a letter dated August 2, 2023, from the county attorney to Magistrate Wagner providing a proposed order of support which the county attorney asks Magistrate Wagner to adopt (order is not attached); and a signature page of an order from Support Magistrate Wagner dated August 7, 2023.  *See* Dkt. No. 1-3 at 1.  Although it is clear that plaintiff seeks review of orders relating to child support obligations and the garnishment of wages, and appears to challenge them on the same grounds, the undersigned does not have sufficient information to determine the procedural posture of the orders of which plaintiff seeks review in this action to be able to compare them those in the 2022 case.  The undersigned determines that it his highly likely that collateral estoppel bars this action as the issues of which he seeks review appear identical, but without the full orders before the Court, the undersigned is of the opinion that it cannot be determined with certainty whether collateral estoppel applies to the issues plaintiff raises in this action.  Regardless, as this matter is subject to dismissal on the many alternative grounds addressed herein, the lack of certainty on this ground does not impact the undersigned's analysis or recommendation.

caused by that court's judgments, and asks this Court to invalidate those judgments on the grounds that they violated her due process rights.").

"[T]o the extent plaintiff could try to contend that his claims are reviewable because they relate to the alleged improper enforcement of the Family Court judgment rather than the judgment itself . . . *Rooker-Feldman* also bars such claims because the enforcement is inextricably intertwined with the state court judgment." *Sorenson v. Suffolk Cnty. Child Support Enf't Bureau*, No. 07-CV-03755 (JFB/AKT), 2009 WL 580426, at *7 (E.D.N.Y. Mar. 5, 2009) (citations omitted)); *Fernandez*, 2014 WL 5823116, at *4 (same); *see also Bowen v. Gordon*, No. 1:24-CV-114 (LEK/DJS), 2024 WL 2053155, at *2 (N.D.N.Y. Feb. 20, 2024), *report and recommendation adopted*, No. 1:24-CV-114 (LEK/DJS), 2024 WL 1826595 (N.D.N.Y. Apr. 26, 2024) (citations and quotation omitted) ("The doctrine also bars federal courts from considering claims that are 'inextricably intertwined' with a prior state court determination.").

### 2. *Younger* Abstention Doctrine

"In the event that plaintiff's underlying state family court proceeding[11] is currently pending, his request for this Court's involvement would implicate the *Younger* abstention doctrine." *Gerken,* 2024 WL 4608307, at *4 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Under the *Younger* abstention doctrine, "federal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger*, 401 U.S. at 43-44.). "This doctrine of federal abstention rests foursquare on the notion that, in the ordinary course, a state proceeding provides an

---

[11] Plaintiff refers to the underlying court as a county court. *See* Dkt. No. 1 at 4. The logic applies the same whether the Court is deemed a family court or a county court.

adequate forum for the vindication of federal constitutional rights." *Id*. (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)). "[I]t is settled that for purposes of *Younger* abstention that [sic] a proceeding is considered pending until all appellate court remedies have been exhausted." *Reinhardt v. Com. of Mass. Dep't of Soc. Servs.*, 715 F. Supp. 1253, 1255 (S.D.N.Y. 1989) (internal quotation marks and citation omitted).

"*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Const. Corp,* 282 F.3d at 198 (citing *Grieve v. Tamerin,* 269 F.3d 149, 152 (2d Cir. 2001)). The "*Younger* abstention is triggered only by three categories of state court proceedings: (1) state criminal prosecutions; (2) civil proceedings that are akin to criminal proceedings; and (3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" *Amato v. McGinty*, No. 1:17-CV-593 (MAD/ATB), 2017 WL 9487185, at *10 (N.D.N.Y. June 6, 2017), *report and recommendation adopted,* No. 1:17-CV-00593 (MAD/ATB), 2017 WL 4083575 (N.D.N.Y. Sept. 15, 2017) (internal quotations omitted) (quoting *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 588).

Here, because plaintiff's complaint references ongoing child custody and child support matters, *see generally* Dkt. No. 1, "the *Younger* abstention conditions are clearly met." *Fishman v. Off. of Ct. Admin. New York State Courts.*, No. 18-CV-282 (KMK), 2020 WL 1082560, at *10 (S.D.N.Y. Mar. 5, 2020), *aff'd,* No. 20-1300, 2021 WL 4434698 (2d Cir. Sept. 28, 2021). "First, state-court proceedings regarding the appropriate child custody arrangement are ongoing in Family Court and New York State appellate courts."

*Id*. Second, child custody and child support disputes "are a matter rightfully reserved for state courts." *Id*. (citing *Puletti v. Patel*, No. 05-CV-2293 (SJ), 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) ("The United States Supreme Court . . . has long recognized that 'the whole subject of the domestic relations of . . . parent and child[ ] belongs to the laws of the States and not to the laws of the United States.")); *see also Reinhardt*, 715 F. Supp. at 1256 (S.D.N.Y. 1989) (citing *Moore v. Sims,* 442 U.S. 415, 435 (1979) ("Questions of family relations . . . are traditionally an area of state concern.")); *Walker*, 2022 WL 2341420, at *6 ("[I]t is well-settled that a custody dispute raises important state interests." (citations omitted)); *Tomczyk v. New York Unified Ct. Sys.*, No. 19-CV-2753 (JS)(AYS), 2019 WL 2437849, at *3 (E.D.N.Y. June 10, 2019) (dismissing the plaintiff's complaint that "implicate[d] the way that New York courts manage their own divorce and custody proceedings–a subject in which 'the states have an especially strong interest.") (citations and quotations omitted)). Third, "[a]fter the Family Court makes its final disposition on custody and [child support] (or, if it has already done so), Plaintiff may appeal that decision within the state court system and raise all federal constitutional claims there." *Fishman* 2020 WL 1082560, at *11. Plaintiff has not alleged, and the complaint does not indicate, that he has attempted to appeal the Family Court's orders and judgments or received a decision on such appeal(s). *See generally* Dkt. No. 1.

Therefore, to the extent that plaintiff's child custody and child support matters are still pending in New York State court, the undersigned recommends that the Court abstain from interfering. *See Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 357 (E.D.N.Y. 2004) (applying the *Younger* abstention doctrine to dismiss claims which arose from "pending state court proceedings involving child support") (citation omitted); *Bowman v. Morris*, No.

8:19-CV-97 (BKS/DJS), 2019 WL 5150196, at *6 (N.D.N.Y. Apr. 10, 2019), *report and recommendation adopted*, 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019) ("Accordingly, to the extent that the child support issues are continuing in Family Court, the Court should abstain from interfering with that process."); *Walker*, 2022 WL 2341420, at *6 ("[T]o the extent the custody dispute is continuing in New York State Family Court, this Court should abstain from interfering with that process.").

Alternatively, because plaintiff's complaint raises an allegation of fraud, *see* Dkt. No. 1-1 at 1, it is necessary to address the exceptions to *Younger* and the situations in which the Court should intervene.  "Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Diamond D. Const. Corp.*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54) (internal quotations omitted).  Plaintiff has the burden of establishing that one of the *Younger* exceptions applies.  *See id.* ("[A] plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies.") (citing *Kirschner v. Klemons*, 225 F.3d 227, 235-36 (2d Cir. 2000)).

"To meet the bad faith or harassment exception, the federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive."  *Hunter v. McMahon*, No. 20-CV-18 (LJV-MJR), 2024 WL 4362310, at *6 (W.D.N.Y. Sept. 30, 2024) (quoting *Diamond D. Const. Corp.*, 282 F.3d at 199) (emphasis omitted).  In other words, the federal plaintiff "must have no reasonable expectation of obtaining a favorable outcome."  *Diamond "D" Const. Corp.*, 282 F.3d at 199.  "A state proceeding that is legitimate in its purposes, but unconstitutional in its

execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Id*. (citing *Schlager v. Phillips*, 166 F.3d 439, 443-44 (2d Cir. 1999)).

To satisfy the extraordinary circumstance exception, the plaintiff must demonstrate that the "the state court incapable of fairly and fully adjudicating the federal issues before it. . . ." *Diamond "D" Const. Corp.*, 282 F.3d at 201 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124, (1975)).[12] "[T]he Second Circuit has identified 'two predicates for application of this exception: (1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; *and* (2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene.'" *Rhee-Karn v. Burnett*, No. 13 CIV. 6132 (JPO), 2014 WL 4494126, at *6 (S.D.N.Y. Sept. 12, 2014) (quoting *Diamond "D" Const. Corp.*, 282 F.3d at 201)).

Plaintiff has failed to satisfy his burden of demonstrating that any of the *Younger* exceptions apply. *See Diamond D. Const. Corp.*, 282 F.3d at 198. Concerning the bad faith or harassment exception, plaintiff uses the term "fraud" and claims that the proposed defendants are "frauding" and "stealing" from him. Dkt. No. 1-1 at 1. Yet, he has not stated how he was defrauded or any "illegitimate motive" behind the proposed defendants' actions. *See Hunter*, 2024 WL 4362310, at *6. Similarly, plaintiff has not alleged that he had "no reasonable expectation of obtaining a favorable outcome" at the outset of the underlying state court proceedings. *See Diamond "D" Const. Corp.*, 282 F.3d at 199. The root of plaintiff's complaint is a simple disagreement with a state court order that set forth

---

[12] "While *Kugler* spoke in the context of criminal prosecutions, the same standard applies in the civil context." *Diamond "D" Const. Corp.*, 282 F.3d at 201 (citing *Moore v. Sims,* 442 U.S. 415, 433 (1979)).

his parenting time, child support obligation, and entered a judgment for child support arrears.

Further, plaintiff has failed to show that this matter constitutes an extraordinary circumstance. *See Diamond "D" Const. Corp.*, 282 F.3d at 201. Plaintiff has not alleged, and the complaint does not indicate, that he appealed the underlying state court's custody and child support order(s) or judgment(s) or filed an Article 78[13] proceeding challenging the Child Support Unit's collection process.[14] "Absent a showing that [the plaintiff has] actually sought and been denied such relief, [plaintiff has] not plausibly alleged that there exists no state remedy to meaningfully, timely, and adequately remedy the alleged constitutional violations." *Rhee-Karn*, 2014 WL 4494126, at *6. Moreover, plaintiff has not alleged that he will suffer from "'great and immediate' harm if the federal court does not intervene." *Id*. Rather, he requests his preferences: parenting time with the child, a reduction of his child support obligation, and the return of monies garnished from his paychecks. *See generally* Dkt. No. 1.

Plaintiff's allegations against defendants amount to conclusory allegations and ones that can be resolved in state court. *See Evans v. Adams*, No. 22-CV-3882

---

[13] N.Y. C.P.L.R. 7803 provides that:

> The only questions that may be raised in a proceeding under this article are:
> 1. whether the body or officer failed to perform a duty enjoined upon it by law; or
> 2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
> 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
> 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.

N.Y. C.P.L.R. 7803.

[14] "An Article 78 petition is the proper vehicle for challenging state actions taken in violation of the Federal Constitution." *Rhee-Karn*, 2014 WL 4494126, at *5 (citations omitted).

(KAM/JRC), 2024 WL 306240, at *4 (E.D.N.Y. Jan. 26, 2024) ("[C]onclusory statements accusing the state court of violating the Constitution without more do not establish an obstacle to . . . full and fair determination" in state courts.); *Chapman v. Maycock*, No. 21-CV-4940 (KAM/JRC), 2021 WL 6091749, at *4 (E.D.N.Y. Dec. 23, 2021) (holding that "conclusory statements alleging family court's disregard of the Constitution . . . without more, are not sufficient to show that [the plaintiff's] claims are not capable of being resolved fairly in state court").

Based on the foregoing, the undersigned concludes that none of the *Younger* abstention exceptions apply. Therefore, "it is recommended that plaintiff's complaint be dismissed without prejudice[15] for lack of subject matter jurisdiction under either *Rooker-Feldman* or *Younger*." *Gerken*, 2024 WL 4608307, at *5. "However, due to these doctrines barring such claims from proceeding, it is recommended that an opportunity to amend not be afforded as no better pleading can cure the lack of subject matter jurisdiction." *Id*.

"[T]here is no requirement that a court address every single potential ground for dismissal where it is clear that a claim should be dismissed." *Gerken*, 2024 WL 4608307, at *5 (quoting *Dees v. Zurlo*, No. 1:24-CV-1 (MAD/DJS), 2024 WL 2291701, at *13 (N.D.N.Y. May 21, 2024) (citing, *inter alia, Curtis v. Greenberg*, No. 22-252-CV, 2023 WL 6324324, *2 n.3 (2d Cir. Sept. 29, 2023)). However, the undersigned notes, for the sake of completeness, that there are several additional, alternative grounds for dismissal.

---

[15] "A dismissal for lack of subject matter jurisdiction must be without prejudice, because without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *2 (2d Cir. Sept. 15, 2022) (summary order) (internal quotations omitted) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016)).

### 3. **Domestic Relations Abstention**

The Supreme Court

> [l]ong ago observed that the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States. So strong is our deference to state law in this area that we have recognized a domestic relations exception that divests the federal courts of power to issue divorce, alimony, and child custody decrees.

*Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (internal quotation marks and citations omitted), *abrogated on other grounds by Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *see also Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Mansell v. Mansell*, 490 U.S. 581, 587, (1989) ("[D]omestic relations are preeminently matters of state law."); *United States v. Windsor*, 570 U.S. 744, 766 (2013) ("State laws defining and regulating marriage, of course, must respect the constitutional rights of persons; but, subject to those guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States.") (internal quotation marks and citations omitted); *Bowman*, 2019 WL 5150196, at *5, *report and recommendation adopted*, 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019) ("Under the domestic relations exception to the jurisdiction of federal courts, cases involving divorce, alimony, and child [support] remain outside federal court jurisdiction.") (citing *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)).

"Under the domestic relations abstention doctrine[,] . . . a federal court [may] decline to exercise jurisdiction where claims are on the verge of being matrimonial in

nature and there is no obstacle to their full and fair determination in state courts." *Gerken*, 2024 WL 4608307, at *5 (quoting *Ortiz v. Tinnerello*, No. 3:20-CV-1782 (KAD), 2021 WL 11593793, at *4 (D. Conn. Jan. 20, 2021)); *see Bey v. Furman*, No. 21-CV-4090 (WFK/RER), 2021 WL 3725987, at *4 (E.D.N.Y. Aug. 23, 2021) (indicating that the plaintiff challenging his duty to pay child support was "matrimonial in nature"). "Courts in this circuit routinely dismiss actions for lack of subject matter jurisdiction, due to the domestic relations abstention doctrine, where the plaintiff is seeking review of child custody [and child support] proceedings." *Gerken*, 2024 WL 4608307, at *6 (citing *Neustein v. Orbach*, 732 F. Supp. 333, 339-40 (E.D.N.Y. 1990) (holding that the Court lacked jurisdiction because it could not resolve factual disputes connected to domestic relations)); *Dudley v. Hochul*, No. 5:24-CV-0048 (DNH/ML), 2024 WL 1906594, at *5 (N.D.N.Y. May 1, 2024) (same), *report and recommendation adopted sub nom. Dudley v. Hocul*, 2024 WL 2399913 (N.D.N.Y. May 23, 2024); *Pynn v. Pynn*, No. 24-CV-508 (LJV), 2024 WL 3647783, at *8 (W.D.N.Y. Aug. 5, 2024) (collecting cases and noting that "[c]ourts in this circuit have found abstention appropriate when the plaintiff asked a federal court to review and overturn state court rulings related to child custody and divorce."); *Rotondo v. New York*, No. 5:17-CV-1065 (GLS/DEP), 2017 WL 5201738, at *4 (N.D.N.Y. Oct. 31, 2017) ("[It is manifestly clear that [the] plaintiff's claims implicate the domestic-relations exception to federal court jurisdiction. [The p]laintiff challenges a state-court's determination denying him relief from a family court's child support order, and [the] plaintiff's requests for relief include removal of the family court proceeding to federal court."), *report and recommendation adopted*, 2017 WL 5198194 (N.D.N.Y. Nov. 9, 2017); *Davis v. Kushner*, No. 1:14-CV-00511 (MAD), 2014 WL 5308142, at *4 (N.D.N.Y. Oct. 16,

2014) (recommending dismissal of the plaintiff's claim as barred by the domestic relations exception where the plaintiff sought "monetary damages for an unfavorable family court ruling . . .")).

As discussed above, plaintiff challenges a child custody and child support order(s), as well as a judgment for child support arrears. *See generally* Dkt. No. 1, Dkt. No. 1-1, Dkt. No. 1-2. On its face, plaintiff's complaint seeks monetary damages for what he perceives to be unfavorable state court rulings. *See Davis,* 2014 WL 5308142, at *4. However, "[t]he doctrine of domestic relations abstention means that this Court does not have jurisdiction over the plaintiff's claims." *Sekou Camera v. N.Y.C. Dep't of Soc. Servs.*, No. 24-CV-5886 (AMD/TAM), 2024 WL 4107256, at *2 (E.D.N.Y. Sept. 5, 2024). Thus, the undersigned alternatively recommends that plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction under the domestic relations abstention doctrine. *See Remy v. New York State Dep't of Tax. & Fin.*, 507 F. App'x 16, 18-19 (2d Cir. 2013) (summary order) (dismissing complaint that sought "direct review" of child support order in state family court); *see also Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.")).

### 4. **Sovereign Immunity**

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Applying this principle, "[a]s a general rule, state governments and their agencies may not be sued

in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Gerken*, 2024 WL 4608307, at \*6 (quoting *Kisembo v. N.Y.S. Off. of Child. & Fam. Servs.*, 285 F. Supp. 3d 509, 519 (N.D.N.Y. 2018)); *see Garcia v. Paylock*, No. 13-CV-2868 (KAM), 2014 WL 298593, at \*3 (E.D.N.Y. Jan. 28, 2014) ("Plaintiff's equal protection claims also may not be brought directly under the Fourteenth Amendment because the State has not waived its immunity or had that immunity abrogated pursuant to that constitutional amendment."). "This jurisdictional bar applies regardless of the nature of the relief sought." *Gerken*, 2024 WL 4608307, at \*6 (quoting *Murawski v. N.Y. State Bd. of Elections*, 285 F. Supp. 3d 691, 695 (S.D.N.Y. 2018) (*quoting Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

"[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gerken*, 2024 WL 4608307, at \*7 (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)); *see Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (explaining that sovereign immunity bars "direct constitutional claim[s] brought directly against a state entity") (citing *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 30-32 (2d Cir. 1991)); *see also Rubin v. N.Y. State Dep't of Motor Vehicles*, No. 10-CV-4119 (NGG), 2010 WL 3842011, at \*1 (E.D.N.Y. Sept. 28, 2010) ("The Eleventh Amendment bars suits against states, their agencies whether the [p]laintiff seeks relief at law or in equity, absent the state's consent

to suit or an express or statutory waiver of immunity.") (citing *Pennhurst State School & Hosp.*, 465 U.S. at 99-102).

### a. **Government Entities**

The Schenectady County Child Support Collection Unit appears to be a branch of New York State Child Support Services operating under the New York State Department of Social Services. Similarly, the Division of Child Support Enforcement Newport News District Office appears to be a subdivision of the Virginia State Department of Social Services.[16] The Schenectady County Family Court is a court that is part of the New York State Unified Court System.[17] These entities are "arm[s] of the state for purposes of sovereign immunity." *Gerken*, 2024 WL 4608307, at *7 (citing *Calderon v. N.Y.C. Dep't of Homeless Servs.*, No. 24-CV-4631 (VEC), 2024 WL 3429884, at *2 (S.D.N.Y. July 16, 2024) ("[A]s an agency of the State of New York, the New York State Department of Social Services is an arm of the State and is protected by Eleventh Amendment immunity."); *see also Dixon v. Jordan*, No. 23-CV-9227 (LTS), 2024 WL 37096, at *2 (S.D.N.Y. Jan. 2, 2024) ("Plaintiff's Section 1983 claims against the New York State Child Support Services are therefore barred by the Eleventh Amendment and are dismissed because they seek monetary relief against a defendant who is immune from such relief.") (citations omitted); *Dickson v. Schenectady Fam. Ct.*, No. 1:22-CV-499 (DNH/CFH), 2022 WL 16966549, at *3 (N.D.N.Y. Oct. 27, 2022), *report and recommendation adopted,* No. 1:22-CV-499, 2022 WL 16961389 (N.D.N.Y. Nov. 16, 2022) (quoting *Vazquez v. New York,* No. 1:22-CV-196

---

[16]VIRGINIA DEPARTMENT OF SOCIAL SERVICES,
https://www.dss.virginia.gov/family/dcseoffices.cgi?LimitID=228 [Last visited on Mar. 14, 2025].
[17] The Second Circuit has ruled that "the New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

(GTS/CFH), 2022 WL 2390248, at *5 (N.D.N.Y. June 30, 2022), *report and recommendation adopted sub nom. Vazquez Carbuccia v. New York*, 2022 WL 3100553 (N.D.N.Y. Aug. 4, 2022) ("This Court has explained that the Schenectady County Family Court is a part of the New York State Unified Court System and is entitled to sovereign immunity.") (internal quotations omitted); *Warden v. Virginia Dep't of Soc. Servs. (Pulaski Cnty.)*, No. 7:23-CV-00775, 2023 WL 8481014, at *2 (W.D. Va. Dec. 7, 2023) ("The court further notes that numerous courts, including this one, have held that a county branch of the Department of Social Services is considered a state entity in Virginia and is entitled to Eleventh Amendment immunity, which precludes any suit for money damages in federal court.") (citations omitted).

Neither New York, nor Virginia, have "expressly waived its sovereign immunity with respect to the claims asserted in plaintiff's complaint." *Gerken*, 2024 WL 4608307, at *7 (citing *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("[W]e will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.") (internal quotations omitted) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)); *see also Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (summary order) ("It is well-established that New York has not consented to § 1983 lawsuits in federal court[.]"). "Moreover, Congress has not abrogated New York's sovereign immunity in enacting § 1983". *Gerken*, 2024 WL 4608307, at *7 (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977); *see also Mayo v. Doe*, 480 F. Supp. 3d 395, 402 (D. Conn. 2020) (holding that "[s]ection 1983 does not abrogate state sovereign immunity") (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Accordingly, plaintiff's §

1983 claims against the Schenectady County Child Support Collection Unit, Division of Child Support Enforcement Newport News District Office, and Schenectady County Family Court are barred under the Eleventh Amendment. *See Corrado v. State of N.Y. Univ. Stony Brook Police*, Nos. 15-CV-7443, 15-CV-7444, 2016 WL 4179946, at *6 (E.D.N.Y. Aug. 5, 2016) ("Plaintiff's claims . . . fail because this defendant is an administrative arm of Suffolk County, a municipality, and has no independent legal identity. . . . [A]gencies of a municipality are not suable entities because [u]nder New York law, departments that are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot be sued.") (internal quotations omitted) (quoting *Omnipoint Comm'ns, Inc. v. Town of Lagrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009))

"The undersigned notes that a dismissal based on the doctrine of sovereign immunity, is consequently a dismissal for lack of subject matter jurisdiction." *Gerken*, 2024 WL 4608307, at *7 (quoting *Griffith v. New York State*, No. 5:23-CV-1266 (DNH/ML), 2024 WL 1641587, at *5 n.4 (N.D.N.Y. Mar. 20, 2024) (citations omitted).  Therefore, it is alternatively recommended that plaintiff's claims against the Schenectady County Child Support Collection Unit and Division of Child Support Enforcement Newport News District Office be dismissed without prejudice for lack of subject matter jurisdiction. *See id.* (citing *Abadi v. City of New York*, 22-CV-1560, 2023 WL 3295949, at *3 n.3 (2d Cir. May 8, 2023) (summary order) ("Because the Court lacks subject matter jurisdiction . . . the amended complaint should be dismissed without prejudice."); *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]"))

### b. **Dylan Reilly, Deputy County Attorney**

### i. **Official Capacity Claim**

Plaintiff named "Attorney- Reilly Dylian [sic]" on his list of people he wanted to sue. Dkt. No. 1-1 at 9.  He also attached to his complaint a copy of a proposed Order of Support signed by Dylan Reilly, Deputy County Attorney, Schenectady County Attorney's Office, Department of Social Services ("Reilly").  *See* Dkt. No. 3 at 4.  Although plaintiff seeks to name Reilly as a defendant in this action, his complaint does not directly or implicitly raise any claims against Reilly.  *See generally* Dkt. No. 1.  Further, the complaint is devoid of any factual allegations concerning Reilly.  *See id*.  The only mentions of Reilly in the complaint are the presence of their name and the copy of the proposed order where their name is highlighted and starred.  The undersigned concludes that, as to Reilly, plaintiff's complaint "in its current form fails to state a claim for relief and fails to state the Court's subject matter jurisdiction.  As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A."  *Ajamian v. Nimeh*, No. 1:14-CV-0320 (GTS/CFH), 2014 WL 6078425, at *7 (N.D.N.Y. Nov. 13, 2014)

Even, assuming *arguendo*, that plaintiff's complaint had raised a claim against Reilly in their official capacity as a deputy county attorney, such claims must still be dismissed under the doctrine of sovereign immunity.  "Sovereign immunity bars not only suits against states themselves, but also suits for damages against state officials acting in their official capacities."  *Chapman v. City of Albany*, No. 1:23-CV-686 (LEK/PJE), 2025 WL 295011, at *5 (N.D.N.Y. Jan. 24, 2025) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)); *see also Gollomp*, 568 F.3d at 365.  By signing the proposed child support order as "Deputy County Attorney, Schenectady County Attorney's Office, Department of Social

25

Services," Dkt. No. 1-3 at 4, Reilly was clearly acting in their official capacity as a state official, and, therefore, is entitled to sovereign immunity. "Thus, plaintiff's claims for damages against the state employees sued in their official capacities are barred by the Eleventh Amendment." *Young v. Lugo*, No. 18-CV-4216(JFB)(AKT), 2019 WL 1492679, at *3 (E.D.N.Y. Apr. 4, 2019) (citing *Darcy v. Lippman*, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("The Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities"). Accordingly, the undersigned recommends that plaintiff's claims against Reilly in their official capacity as "Deputy County Attorney" be dismissed without prejudice for lack of subject matter jurisdiction. *See Gerken*, 2024 WL 4608307, at *7.

## ii. **Individual Capacity Claim**

"Absolute immunity protects government officials from suit arising out of acts associated with their 'function as an advocate.'" *Dees v. Zurlo*, No. 1:24-CV-1 (MAD/DJS), 2024 WL 2291701, at *10 (N.D.N.Y. May 21, 2024), *aff'd sub nom. Dees v. Knox*, No. 24-1574-CV, 2025 WL 485019 (2d Cir. Feb. 13, 2025) (quoting *Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 108 (N.D.N.Y. 2023) (quoting *Buari v. City of New York*, 530 F. Supp. 3d 356, 378 (S.D.N.Y. 2021)). "Absolute immunity extends to 'government attorneys defending civil suits' and 'government attorneys who initiate civil suits.'" *Id.* (quoting *Jeanty*, 669 F. Supp. 3d at 108 (quoting *Spear v. Town of West Hartford*, 954 F.2d 63, 66 (2d Cir. 1992)). "In determining whether an official is entitled to absolute immunity, courts employ a functional' approach, looking at the nature of the function performed, not the identity of the actor who performed it." *Id.* (quoting *Jeanty*, 669 F. Supp. 3d at 108 (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 394 (2d Cir. 2006)) (internal quotations omitted).

26

"The principle applies to functions of a government attorney that can fairly be characterized as closely associated with the conduct of litigation or potential litigation in civil suits – including the defense of such actions." *Id.* (quoting *Jeanty*, 669 F. Supp. 3d at 108) (internal quotations omitted). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused." *Id.* (quoting *Jeanty*, 669 F. Supp. 3d at 108 (quoting *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (citation omitted)).

It appears that plaintiff's allegations against Reilly stem entirely from Reilly's functions as a Deputy County Attorney for the Schenectady County Attorney's Office. *Dees*, 2024 WL 2291701, at *10. Reilly is a government attorney who signed a proposed order affecting plaintiff's state court litigation. *See* Dkt. No. 1-3 at 4. Therefore, the undersigned concludes Reilly's act of filing the proposed order was associated with their "function as an advocate" and "closely associated with the conduct of litigation." *Dees*, 2024 WL 2291701, at *10. Therefore, the undersigned recommends that plaintiff's claims against Reilly in their individual capacity be dismissed without prejudice for lack of subject matter jurisdiction. *See id*.

### 6. **Judicial Immunity**

Liberally reading plaintiff's complaint and affording plaintiff due solicitude, he names Bruce J. Wagner, Support Magistrate ("Wagner"), as a defendant in this action. *See* Dkt. No. 1-1 at 9; Dkt. No. 1-3. "With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions." *Gerken*, 2024 WL 4608307, at *8 (quoting *Zavalidroga v. Girouard*, No. 6:17-CV-682 (BKS/ATB), 2017 WL

8777370, at *8 (N.D.N.Y. July 7, 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)). "Judicial immunity has been created for the public interest in having judges who are 'at liberty to exercise their functions with independence and without fear of consequences.'" *Id.* (quoting *Zavalidroga,* 2017 WL 8777370, at *8 (quoting *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." *Id.* (citation omitted); *see Positano v. New York*, No. 12-CV-2288 (ADS/AKT), 2013 WL 880329, at *4 (E.D.N.Y. Mar. 7, 2013) (explaining that the plaintiff may not bring action against a judge for actions taken in his judicial capacity, even when the actions violated the ADA). "Family Court Support Magistrates, as New York State judicial officers, enjoy [ ] judicial immunity, when presiding over child support proceedings." *Id*. (quoting *Cora v. Wright*, No. 1:24-CV-0263 (LTS), 2024 WL 450247, at *2 (S.D.N.Y. Feb. 5, 2024)); *see Dieujuste v. Sin*, 731 F. Supp. 3d 440, 448 (E.D.N.Y.), *reconsideration denied,* 734 F. Supp. 3d 232 (E.D.N.Y. 2024), and *aff'd,* 125 F.4th 397 (2d Cir. 2025) ("As a Support Magistrate presiding over child support proceedings, Judge Sin is unquestionably entitled to judicial immunity.")

"Judicial immunity is immunity from suit, not just immunity from the assessment of damages." *Gerken*, 2024 WL 4608307, at *8 (quoting *Zavalidroga*, 2017 WL 8777370, at *8 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.'" *Id.* (citing *Mireles*, 502 U.S. at 11-12). "In determining whether or not a judge acted in the clear absence of all jurisdiction, the judge's jurisdiction is 'to be construed broadly, and the asserted immunity will only be overcome when the

judge clearly lacks jurisdiction over the subject matter.'" *Id*. (quoting *Pacherille v. Burns*, 30 F. Supp. 3d 159, 163 (N.D.N.Y. 2014) (quoting *Ceparano v. Southampton Just. Ct.,* 404 F. App'x 537, 539 (2d Cir. 2011) (summary order)).  "Whether a judge acted in a judicial capacity depends on the nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. (quoting *Ceparano*, 404 F. App'x at 539 (internal quotation marks and citation omitted)).  "Further, if the judge is performing in his judicial capacity," he "'will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" *Id*. (quoting *Ceparano*, 404 F. App'x at 539 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).  "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.'" *Id*. (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (quoting *Mireles*, 502 U.S. at 11)).

Plaintiff claims that Wagner is "performing duties he's not lawfully to do,", and doing "an accountants job and determining what get [sic] deducted from [him]."  Dkt. No. 1-1 at 3.  Plaintiff further opines, "how is the magistrate practicing law and accountant [sic] when given rights to only practice law its [sic] fraud."  *Id*. at 4.  He contends that his "constitutional rights was [sic] violated cause they say I owe over $20 dollars to where [sic] the magistrate called for a trial and never had the jury I asked for."  *Id*. at 6.  Plaintiff further claims, "to my knowledge he do [sic] not have the authority or jurisdiction cause [sic] he is not a judicial officer and also he cannot sign into order for any type of money judgment or court hearing . . . ."  Dkt. No. 1-2 at 1.

Liberally construing plaintiff's complaint, he appears to argue that Wagner "acted . . . outside the bounds of [his] authority during plaintiff's child support proceedings." *Gerken*, 2024 WL 4608307, at *9 (quoting *Dougal v. Lewicki*, No. 1:23-CV-1167 (DNH/CFH), 2023 WL 6430586, at *5 (N.D.N.Y. Oct. 3, 2023), *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023) (internal quotations omitted). However, "[t]he scope of the judge's jurisdiction must be construed broadly, such that a court acts in the absence of all jurisdiction only when it does not have any statutory or constitutional power to adjudicate the case." *Id*. (quoting *Dickerson v. Siegal*, No. 23-CV-3859 (EK/LB), 2023 WL 6158833, at *3 (E.D.N.Y. Sept. 21, 2023) (citations and internal quotation marks omitted). Plaintiff's contention that Wagner, as a support magistrate, did not have the jurisdiction to calculate his support payment or arrears is without merit. *See Y.D. v. L.O.,* 77 Misc. 3d 964, 967, 182 N.Y.S.3d 534, 537 (N.Y. Fam. Ct. 2022) ("Family Court Act § 439(a) empowers Support Magistrates to hear, determine and grant any relief within the powers of the Court, in proceedings properly before them.") (internal quotations omitted).[18]  Further, even accepting plaintiff's allegations as true, he has failed to demonstrate that Wagner acted in the "complete absence of all jurisdiction."  *Gerken*, 2024 WL 4608307, at *9 (quoting *Ceparano*, 404 F. App'x at 539; *see Olszyk v. Thorne*, No. 3:20-CV-0445 (TJM/ML), 2020 WL 5634328, at *5 (N.D.N.Y. June 17, 2020) ("The Complaint is devoid of facts plausibly suggesting that Defendant [Judge] Barrasse acted in the clear absence of all jurisdiction. As a result, I recommend that the claims against Defendant Barrasse be dismissed in their entirety based on the doctrine of absolute

---

[18] A support magistrate is similar to a judge and has the power to make decisions about child support . . . ." NEW YORK STATE UNIFIED COURT SYSTEM, "Child Support Basic" https://www.nycourts.gov/LegacyPDFS/courts/5jd/family/Child-Support-Basics-5th-Judicial-District.pdf [Last visited on Mar. 14, 2025].

judicial immunity."), *report and recommendation adopted*, 2020 WL 5633791 (N.D.N.Y. Sept. 21, 2020).

Accordingly, Wagner "is immune from suit pursuant to the doctrine of judicial immunity" as to plaintiff's claims concerning "conduct taken in his capacity as a child support magistrate." *Gerken*, 2024 WL 4608307, at *9 (citing *Shtrauch v. Dowd*, 651 F. App'x 72, 73-74 (2d Cir. 2016) (summary order) ("Generally, 'acts arising out of, or related to, individual cases before the judge are considered judicial in nature'") (quoting *Bliven*, 579 F.3d at 210)); *see also Cora v. Wright*, No. 1:24-CV-0263 (LTS), 2024 WL 450247, at *3 (S.D.N.Y. Feb. 5, 2024) ("Because [the p]laintiff sues Support Magistrate Wright for acts arising out of, or related to, individual cases before [her], the doctrine of judicial immunity applies to [the p]laintiff's claims under Section 1983 against her.") (internal quotation marks and citations omitted).

Insofar as plaintiff brings an action against Wagner "in his official capacity, the suit is barred by the Eleventh Amendment." *Id*. (citing *Pacherille*, 30 F. Supp. 3d at 163 n.5 ("The Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities."); *see also Trello v. McKeighan*, 624 F. Supp. 3d 150, 155-56 (N.D.N.Y. 2022). "The doctrine of judicial immunity shields judges from suit to the extent they are sued in their individual capacities." *Id*. (quoting *Kellogg v. Nichols*, 703 F. Supp. 3d 367, 372 (N.D.N.Y. 2023) (citing *Trello v. McKeighan*, 624 F. Supp. 3d 150, 155 (N.D.N.Y. 2022)).

Therefore, it is recommended that the claims against Wagner "in both his individual and official capacities are barred by judicial and sovereign immunity." *Gerken*, 2024 WL 4608307, at *10. "The undersigned further recommends dismissing the claims against

31

[Wagner] without prejudice for lack of subject matter jurisdiction and without opportunity to amend." *Id*. (citing *Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (explaining that a dismissal "based on a finding of judicial immunity" is for lack of subject matter jurisdiction); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72-73 (1996) (holding that claims barred by the Eleventh Amendment are properly dismissed for lack of subject matter jurisdiction).

### 7. **42 U.S.C. § 1983**

#### a. **State Action**

Plaintiff's complaint lists "Child Attorney – Rebecca Bauscher" ("Bauscher") as someone he wanted to sue for violating his constitutional rights. Dkt. No. 1-1 at 9. However, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Gerken*, 2024 WL 4608307, at *11 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *West*, 487 U.S. at 49) (internal quotation marks and citation omitted)). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Id*. (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotations omitted) (quoting *United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)); *see Baum*

*v. N. Dutchess Hosp.*, 764 F. Supp. 2d 410, 419 (N.D.N.Y. 2011) ("State action is an essential element of any § 1983 claim.") (citing *Lugar v. Edmondson Oil Co.*, Inc., 457 U.S. 922, 934 (1982) (explaining that the "under color of any statute" language is to enforce the provisions of the Fourteenth Amendment and that if a defendant's conduct satisfies the state-action requirement then that conduct is also action under color of state law under § 1983), and *Rounseville v. Zahl*, 13 F.3d 625, 627-28 (2d Cir. 1994) (noting the state action requirement for § 1983)).

"Private parties generally are not state actors and therefore are not usually liable under [§] 1983." *Gerken*, 2024 WL 4608307, at *11 (quoting *Yi Sun v. Saslovsky*, No. 1:19-CV-10858 (LTS), 2020 WL 6828666, at *7 (S.D.N.Y. Aug. 6, 2020) (citing *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013)); *see Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) ("[P]rivate individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law."). "A private party's actions can be considered state action in three situations":

> (1) the private party acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the private party willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the private party (the "public function" test).

*Id*. (quoting *Rogers v. City of New Rochelle*, No. 1:19-CV-0479 (CM), 2019 WL 5538031, at *2 (S.D.N.Y. Oct. 25, 2019) (citing *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)). "The fundamental question under each test is whether the private party's challenged actions are 'fairly attributable' to the State." *Id.* (quoting *Rogers*, 2019 WL 5538031, at *2 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "[A] State normally can be held responsible for a private decision . . . when it has . . . provided such

significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id*. (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (citations omitted). The State's "[m]ere approval of or acquiescence in the initiatives of a private party[, however,] is not sufficient to justify holding the State responsible for those initiatives . . . ." *Id*. (quoting *Blum,* 457 U.S. at 1004-05).

Here, it appears that Bauscher is the attorney for plaintiff's child. Plaintiff's complaint does not directly or implicitly raise any claims against Bauscher. *See generally* Dkt. No. 1. Further, the complaint is devoid of any factual allegations concerning Bauscher. *See id*. The only mentions of Bauscher in the complaint are that she is named on the list of people plaintiff wanted to sue, and that plaintiff allegedly told Bauscher that he is "in his [son's] life and [he] takes good care of him and [they] talk every day and that [he] give [sic] him money." Dkt. No. 1-1 at 1, 9. The undersigned concludes that, as to Bauscher, plaintiff's complaint "in its current form fails to state a claim for relief and fails to state the Court's subject matter jurisdiction. As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A." *Ajamia*, 2014 WL 6078425, at *7.

"The Second Circuit has held that attorneys for the child are not state actors for purposes of suits filed pursuant to § 1983." *Gerken*, 2024 WL 4608307, at *12 (quoting *Milan v. Wetheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotations omitted); *see also Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011), *aff'd*, 485 F. Appx. 500 (2d Cir. 2012) ("[A]lthough appointed by the state, an attorney for the children or law guardian is not a state actor because he or she must exercise independent professional judgment on behalf of the clients they represent"). Thus, it is recommended that plaintiff not be afforded an opportunity to amend as against Bauscher as any such amendment

would be futile.  *See Hartley v. United Student Rentals*, No. 1:24-CV-925 (AMN/CFH), 2025 WL 26769, at *5 (N.D.N.Y. Jan. 3, 2025), *report and recommendation adopted,* No. 1:24-CV-925 (ECC/PJE), 2025 WL 438195 (N.D.N.Y. Feb. 7, 2025).  Accordingly, the undersigned recommends that plaintiff's Section 1983 claim against Bauscher be dismissed.  "Importantly, as the undersigned concluded above, plaintiff's complained of conduct surrounding and relating to the implementation of the child support order . . . cannot serve as a basis for a section 1983 claim for the many reasons stated supra, it is recommended that plaintiff not be provided an opportunity to amend."  *Gerken*, 2024 WL 4608307, at *12.[19]

### 8.  **Federal Consumer Credit Protection Act**

The Federal Consumer Credit Protection Act ("FCCPA") sets forth the "maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment," 15 U.S.C. § 1673 (a), and prescribes that "[n]o court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section."  15 U.S.C. § 1673

---

[19] In addition to the defendants discussed above that plaintiff explicitly named in his list of parties that he wanted to sue, plaintiff also starred and highlighted the name of Jason A. Sidoti, Chief Clerk ("Sidoti").  *See* Dkt. No. 1-3 at 6.  However, plaintiff does not include Sidoti in the list of individuals he wanted to sue, include him in the parties section of the complaint or caption, or set for *any* facts or claims against him anywhere in the complaint or attachments thereto.  The only mention of Sidoti in the complaint is the copy of the proposed order where his name is highlighted and starred.  *See* Dkt. No. 1-3 at 6.  The highlight and stars alone are not enough to name Sidoti as a defendant or raise a claim for relief.  The undersigned concludes that, as to Sidoti, plaintiff's complaint "in its current form fails to state a claim for relief and fails to state the Court's subject matter jurisdiction" *Ajamia*, 2014 WL 6078425, at *7; *see* 28 U.S.C. §§ 1915(e) and 1915A.  However, even if plaintiff had properly named Sidoti as a defendant and raised facts and claims against him, any claims would be dismissed under the doctrine of quasi-judicial immunity.  *See Gerken*, 2024 WL 4608307, at *10 ("Judicial immunity has been extended to court clerks and others who perform functions closely associated with the judicial process when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar.") (internal quotations and citations omitted); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011) (summary order) ("Clerk's Office activities of filing and docketing legal documents are an integral part of the judicial process and are, thus, entitled to absolute immunity.") (internal quotations omitted)).

(c).  The provisions of this statute are enforced through the "Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor."  15 U.S.C. § 1676.

Plaintiff alleges that the child support order entered against him is a "excessive wage garnishment" in violation of the FCCPA.  Dkt. No. 1-1 at 2-3.  However, plaintiff "cannot pursue his claims under the [FCCPA] because there is no private right of action under these statutes."  *Corrado v. New York Off. of Temp.*, No. 15-CV-7316 (SJF)(AYS), 2016 WL 3181128, at *6 (E.D.N.Y. June 2, 2016) (citing *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 501 (S.D.N.Y. Mar. 6, 2015) (holding that no private right of action under 15 U.S.C. § 1673, noting that the section is enforced exclusively by the Secretary of Labor) (citing *Long Island Trust Co. v. U.S. Postal Serv.*, 647 F.2d 336, 341 (2d Cir. 1981)); *see also Bush v. Frazier*, No. 2:18-CV-00732 (SGC), 2019 WL 3305145, at *9 (N.D. Ala. July 23, 2019) ("Courts have held no express or implied private right of action exists under the garnishment provisions of the Consumer Credit Protection Act, which are enforced by the Secretary of Labor.") (citations omitted); *Colbert v. Roling*, 233 F. App'x 587, 590 (8th Cir. 2007) ("[I]t follows that there is no private right of action under § 1673 as well. The district court properly dismissed Colbert's action for the alleged violation of § 1673.").  Therefore, the undersigned alternatively recommends dismissal of this claim to due the lack of a private right of action under the FCCPA, and in turn, dismissal for lack of subject matter jurisdiction without opportunity to amend.

### III.  **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gerken*, 2024 WL 4608307, at *15 (quoting *Nielsen*

*v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Id.* (citing *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, the *Rooker-Feldman* doctrine, *Younger* abstention doctrine, Domestic Relations abstention doctrine, and Section 1673 issues cannot be cured by a better pleading. The claims against the Schenectady County Child Support Collection Unit, the Division of Child Support Enforcement Newport News District Office, and the Schenectady County Family Court are barred by sovereign immunity. The claim against Reilly is barred by sovereign immunity and absolute immunity. Additionally, the claim against Wagner is barred by judicial immunity, and the claim against Bauscher must be dismissed because she is not a state actor for the purposes of Section 1983. Accordingly, it is recommended that the complaint be dismissed in its entirety without prejudice and without opportunity to amend.

## IV. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED**, that the Clerk amend the caption to: (1) correct the spelling of the names of defendants Schenectady County Child Support Unit and Division of Child Support Enforcement Newport News District Office; and (2) add as defendants the

Schenectady County Family Court; Bruce J. Wagner, Support Magistrate; Dylan Reilly, Deputy County Attorney; and Rebecca Bauscher, child attorney; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED in its entirety without prejudice and without opportunity to amend** for lack of subject matter jurisdiction, and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[20]

Dated:  March 24, 2025
         Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[20] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *Id.* § 6(a)(1)(c).